The STATE of Oklahoma, Appellant,

v.

Phillip Wesley BATES, Appellee.

No. O–80–139.

Court of Criminal Appeals of Oklahoma.

May 6, 1981.

Andrew M. Coats, Dist. Atty., District Number Seven, Ted A. Richardson, Asst. Dist. Atty., Oklahoma City, for appellant.

BUSSEY, Judge:

From a ruling of the District Court of Oklahoma County holding unconstitutional a portion of 21 O.S.1971, § 751 the State of Oklahoma has perfected an appeal upon a reserved question of law pursuant to 22 O.S.Supp.1980, § 1053.1.

The statute, 21 O.S.1971, § 751, with which we are concerned provides:

Every person who, with premeditated design to injure another, inflicts upon his person any injury which disfigures his personal appearance or disables any member or organ of his body or seriously diminishes his physical vigor, is guilty of maiming.

Precisely, the trial court determined that a man of common understanding would not know what is meant by "... seriously diminishes his physical vigor..." and held that portion of Section 751 vague and thus, unconstitutional. We disagree.

As early as 1841, almost identical language was considered by our sister state of Arkansas[1] in their maiming statute, that court observing:

[O]ur statute .... declares maiming to consist "in unlawfully disabling a human being by depriving him of the use of a limb or member; or render him lame or defective in bodily vigor; by which we understand that the act being unlawful in itself, evidencing a malicious intent, it is immaterial by what means or with what instrument the injury is effected, provided the crime is consummated by depriving the party of the use of a limb or member of his body, or that the consequences of the injuries sustained render him either *permanently lame,* or by any means affect his bodily vigor by decreasing his strength, activity or the like." (Court emphasis)

When 21 O.S.1971, § 751 is considered and read together with 21 O.S.1971, § 758, as it must be, the meaning thereof is not so vague as to leave a person of common understanding to guess at what is meant. Section 758 states:

Where it appears, upon a trial for maiming another person, that the person injured has, before the time of trial, so far recovered from the wound that he is no longer by it disfigured in personal appearance, or disabled in any member or organ of his body, or affected in physical vigor, no conviction for maiming shall be had; but the accused may be convicted of assault and battery, with or without a special intent, according to proof.

Title 21 O.S.1971, §§ 751 and 758, construed together, declare maiming to be the intentional injury to another whereby said injury or injuries permanently disfigure or disable, render lame or by any means seriously affect or diminish physical vigor by lessening or decreasing the victim's strength, activity or the like.

Having thus laid down what we deem to be the true definition of the term maiming, we hereby REVERSE the order of the District Court of Oklahoma County heretofore entered.